UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| WILLIE MAE CLARK, | ) CV 14-01486-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

This matter is before the court for review of the Decision of the Commissioner of Social Security denying Plaintiff's applications for Social Security Disability Insurance Benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant filed their pleadings,

1

Defendant filed the certified transcript of record and each party filed its supporting brief. After reviewing the matter, the Court concludes the Decision of the Commissioner should be affirmed.

## I. BACKGROUND

Plaintiff, Willie Mae Clark, applied for Social Security Disability Insurance Benefits and Supplemental Security Income on April 15, 2011. (AR 155-164). Plaintiff alleges disability commencing March 7, 2008. (AR 155, 169).

The Commissioner denied the applications initially on August 9, 2011. (AR 106). Thereafter, Plaintiff filed a timely Request for Hearing on August 26, 2011. (AR 112). A hearing was held on May 9, 2012 before an Administrative Law Judge ("ALJ"). (AR 37). On November 29, 2012, the ALJ issued an unfavorable Decision. (AR 6-30). Thereafter, Plaintiff filed a Request for Review of Hearing Decision, which the Appeals Council denied. (AR 1, 5). Plaintiff commenced this civil action seeking judicial review of her case.

## II. DISCUSSION

**A. The ALJ Properly Rejected the Findings of the Consulting Examining Physician.**

Plaintiff argues the ALJ failed to provide specific and legitimate reasons for rejecting certain findings by the consultative examining physician, Dr. Harlan Bleecker. The Defendant responds that substantial evidence supports the ALJ's rejection of Dr. Bleecker's findings.

The opinions of an examining physician may only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). "Substantial evidence is

more than a scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995).

Dr. Bleecker performed an orthopedic consultative examination on July 21, 2011. (AR 335-339). A physical examination found reduced range of motion for the left shoulder and a reduced 2/5 motor strength in the left deltoid. (AR 336-338). The doctor also documented zero ability to grip with the left hand. (AR. 338) The doctor opined, "She cannot with her left upper extremity [sic].[1] She can lift 10 pounds occasionally, 10 pounds frequently." (AR 338).

The ALJ does not give weight to Dr. Bleeker's findings that "[Plaintiff] cannot use her right [*sic*] arm because that it not consistent with the longitudinal record." (AR 19). The ALJ's Decision includes a detailed chronological discussion and analysis of the medical evidence. (AR 10-19). Beginning in 2008, the ALJ noted complaints of pain in plaintiff's lower back, right hip, and right knee, but no indication of complaints regarding Plaintiff's shoulder nor specific treatment aimed at any alleged shoulder impairment. (AR 268, 296, 301, 318).

Plaintiff argues the medical records are primarily stemming from her Workers Compensation case and thus "contain few mentions of 2002 gunshot wound and the resulting upper extremity functional limitations." Pl's Br. 4. However, the ALJ did address Plaintiff's previous gunshot injury and found it did not support her current allegations that she is unable to use her right or left extremities. (AR 19). The ALJ determined "the medical records make no mention of any left upper extremity complaints until 2011, when she was evaluated by Dr. Bleecker" (AR 21). In addition, Plaintiff testified she worked after the gunshot injury (AR 21, 49-51), which is substantiated by the

---

[1] The missing word appears, in context, to be "grip".

administrative record showing earnings from 2002 through 2008. (AR 49-51, 166).

Furthermore, the ALJ rejected the finding that Plaintiff had no grip in her left hand. (AR 19). Although Dr. Bleecker reported a normal range of motion of the elbows, wrists, and fingers and no atrophy of the hand muscles, Plaintiff displayed absolutely no grip ability in her left hand. (AR 337-338). The ALJ determined the discrepancy between a normal range of motion but zero grip strength suggests "the [Plaintiff] did not put forth full effort when performing the gripping test." (AR 21). In addition, the ALJ provided evidence that "the longitudinal record does not corroborate the zero pounds gripping." (AR 21).

The ALJ's findings are to be upheld if supported by inferences reasonably drawn from the record. Batson v. Commissioner, 359 F. 3d 1190, 1193 (9th Cir. 2004). "[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007). Here, the ALJ provided a detailed summary of Plaintiff's medical records. (AR 10-19). Notwithstanding the issues regarding Dr. Bleeker's findings, the Plaintiff admits "the ALJ fairly and accurately summarizes the medical evidence contained in the Administrative Record." Pl.'s Br. 2. The medical evidence shows there was no history of complaints or treatment regarding the left arm and hand until her 2011 examination with Dr. Bleecker. In addition, the medical evidence supports the ALJ's conclusion to give no weight to Plaintiff's inability to grip. Therefore, the ALJ provided specific and legitimate reasons for rejecting Dr. Bleecker's opinion that Plaintiff cannot use her left arm and hand.

Similarly, the ALJ rejected Dr. Bleeker's finding that "[Plaintiff] required the use of cane for short and long distances." (AR 338). The ALJ determined the "record does not document that she is prescribed a cane as medically

necessary for long and/or short distances." (AR 19). At the administrative hearing, Plaintiff admitted she does not use a cane or other ambulatory assistive device. (AR 19, 54). Furthermore, on the Exertional Activities Questionnaire dated August 19, 2008, Plaintiff answered "brace" for the question, "Do you use splint, brace, cane, crutch or wheelchair?" (AR 197). The ALJ may discredit physician's opinions that are conclusory, brief, and unsupported by the record as whole or objective medical finding." <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992). Here, the ALJ made no error by rejecting the finding that Plaintiff requires a cane as uncorroborated by the longitudinal record and in light of Plaintiff herself never alleging such a need or using an assistive device.

## **ORDER**

The Court finds the ALJ properly rejected the opinion of the consulting examining physician. For the foregoing reasons, the Decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: <u>September 15, 2014</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE